| | |
|---|---|
| SHAMEKA HACKMAN,<br>    *Plaintiff*,<br><br>    v.<br><br>TOWN OF EAST HARTFORD *et al.*,<br>    *Defendants*. | No. 3:17-cv-1344 (JAM) |

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING IN PART AND DENYING IN PART MOTION TO FILE AMENDED COMPLAINT

This case involves a claim by plaintiff Shameka Hackman that she was harassed and beaten by numerous officers of the police department in East Hartford, Connecticut. The remaining defendants are the Town of East Hartford, the East Hartford Police Department, and four East Hartford police officers: Thomas Castagna, Nicholas Palladino, Peter Vanek, and Rebecca Wise.

Now before me are two motions. First, the individual defendant officers have moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. Second, Hackman has moved to file an amended complaint. I will grant the individual defendants' motion for judgment on the pleadings, principally in light of my prior discovery sanctions order that forecloses Hackman from establishing the personal involvement of any of these defendants. I will otherwise deny Hackman's motion to file an amended complaint against these individual defendants but will allow her to file an amended complaint against the Town of East Hartford.

### BACKGROUND

Hackman initially filed this lawsuit in Connecticut state court before it was removed by the defendants to this Court. Doc. #1. On September 28, 2017, I entered a general scheduling

order to provide for the completion of discovery by the end of June 2018. Doc. #16. I later modified this order in early April 2018 after a status conference with counsel to provide for the completion of discovery by the end of August 2018. Doc. #18. Although there is no official transcript of this teleconference, my notes reflect that the modification to the scheduling order was prompted by the failure of Hackman to have responded to discovery served by defendants on her and for which responses had been due in February 2018.

In July 2018, defendants moved to stay the proceedings in light of the sudden death of Hackman's counsel who had passed away on April 18, 2018. Doc. #21. I granted this motion and advised Hackman that she must promptly retain new counsel by August 20, 2018, or file a statement with the Court that she intends to represent herself in this action. Doc. #22.

On August 20, 2018, attorney Wesley Spears filed a notice of appearance for Hackman. Doc. #23. Attorney Spears has been a member of the Connecticut bar for more than 30 years.[1] A query of the Court's CMECF docketing system reflects that he has appeared in more than 40 federal cases in the District of Connecticut. In many of these cases he is listed as plaintiff's counsel for constitutional claims against municipalities and police officers brought under 42 U.S.C. § 1983.[2]

On September 21, 2018, I convened an in-person status conference to discuss scheduling in light of the appearance of new counsel on Hackman's behalf. At that conference and after consultation with counsel, I entered a new scheduling order for the parties to complete discovery within four more months by January 21, 2019. Doc. #30. Although there is no official transcript

---

[1] See State of Connecticut Judicial Branch, Attorney/Firm Look-up, available at https://www.jud.ct.gov/AttorneyFirmInquiry/JurisDetail.aspx (inquiry for Wesley S. Spears showing admission date of 10/14/1986).
[2] *See, e.g., Taylor v. Allen*, 17cv951-SRU (D. Conn.); *Bryant v. Hartford*, 17cv1374 (D. Conn.); *Williams v. City of Hartford*, 06cv629-SRU (D. Conn.); *Horton v. White*, 01cv1330-AVC (D. Conn.); *Doe v Hartford*, 01cv1026-AHN (D. Conn.); *Doe v. Hartford*, 01cv278-DJS (D. Conn.); *Fuller v. Hartford Police Dept.*, 81cv340-PCD (D. Conn.); *Ricketts v. Town of Hartford*, 87cv917-AVC (D. Conn.).

from this conference, my notes reflect that I reminded all counsel that it was very important to be timely with discovery responses, after counsel for defendants represented without contradiction that Hackman had not served any discovery at all on the defendants nor even furnished initial disclosures as required under Fed. R. Civ. P. 26(a)(1).

I entered an order at this hearing and again on the docket to require that any responses to pending discovery requests must be served within 21 days by October 12, 2018. Doc. #30. I also advised the parties that I would be unlikely to grant a future request for an extension of time absent extraordinary and unforeseeable circumstances. *Ibid.*

On November 8, 2018, counsel contacted chambers to advise of a discovery dispute: Hackman's alleged failure to comply with the Court's discovery order. I entered a docket order instructing counsel for both sides to file simultaneous letter briefs on the issue no later than November 26, 2018 and then to file any responses to each other's letter briefs by November 27, 2018. I scheduled a discovery teleconference to discuss the dispute for November 28, 2018. Doc. #32.[3]

On November 26, 2018, counsel for defendants filed a letter brief. Doc. #36. The brief described at length how each of the defendants had served discovery on Hackman in January 2018 but that Hackman had failed to respond to any of the discovery requests or to seek an extension of time to do so. *Id.* at 1. The brief further advised that Hackman had failed to respond to all pending discovery by October 12, 2018, as the Court had ordered Hackman to do at the status conference of September 21, 2018. *Id.* at 2.

---

[3] Although the docket order setting forth this briefing schedule was correctly posted to the docket of this case, it inadvertently referenced the name of another case. Doc. #32. There has been no suggestion that this typographical error was the cause of any confusion about the applicability or requirements of the Court's briefing order to this case.

The brief went on to describe correspondence between defense counsel and Attorney Spears during October and November in which defense counsel sought—but did not receive—full responses to requested discovery. *Id.* at 3. For example, after Attorney Spears furnished "unverified 'proposed answers'" for two of the defendants, defendants' counsel advised him that "'proposed' answers were not acceptable." *Id.* at 3. "In return, Attorney Spears directed the undersigned [defendants' counsel] to file a motion with the Court and declined to make himself available to discuss via telephone." *Ibid.*

Defendants' letter brief described how the discovery responses still remained incomplete as to all the remaining defendants: (1) Hackman had failed to provide *any* responses to the interrogatories and requests for production served by the Town of East Hartford, (2) Hackman had failed to provide verified responses to the interrogatories and requests for production served by defendant Wise, and (3) Hackman had failed to provide verified revised responses to the discovery requests of defendants Castagna, Palladino, and Vanek (to replace initial responses that failed to identify any personal involvement by these defendants). *Id.* at 4.

In light of these failures to produce discovery, defendants sought an order broadly precluding Hackman from introducing evidence relating to the discovery requests to which she had failed to respond. *Id.* at 4-5. As defendants' counsel noted, "this is not a case where both parties have meritorious arguments regarding a discovery dispute," but "[t]o the contrary, the plaintiff has not articulated any legal grounds for not responding to the pending discovery." *Id.* at 4.

Hackman did not file a letter brief despite the Court's order to do so. Nor did she file any response to the defendants' letter. Accordingly, in the absence of any engagement or opposition

by Hackman, I entered an order on November 28, 2018, cancelling the discovery teleconference

and granting the relief requested by defendants as follows:

> ORDER CANCELLING DISCOVERY TELECONFERENCE AND IMPOSING SANCTIONS FOR WILLFUL FAILURE TO RESPOND TO DISCOVERY. On November 8, 2018, the Court entered an order for briefing and for a discovery conference concerning defendants' claim that plaintiff had failed to respond to discovery as was required to be produced not later than October 12, 2018, by the Court's prior order of September 21, 2018. Doc. #30. Defendants timely filed a letter describing plaintiff's continuing non-compliance with discovery, and plaintiff has failed to file any initial letter or response as required by the Court's order. Doc. #32. Accordingly, in the absence of plaintiff's response or any factual dispute concerning plaintiffs willful failure to comply with discovery requests, there is no need for a discovery conference, and pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) the Court GRANTS defendants' requested relief as follows: (1) that plaintiff is precluded from introducing into evidence any facts concerning any personal involvement by Officer Castagna, Officer Palladino, Sergeant Vanek, and Officer Wise; (2) that plaintiff is precluded from introducing into evidence any facts response to the contention interrogatories proposed by the Town of East Hartford; (3) that plaintiff is precluded from introducing into evidence any testimony and/or documents concerning damages that have not been previously identified or produced; and (4) that plaintiff is precluded from introducing into evidence any documents that have not been produced to date. In the absence of evidence whether the willful failure is due to plaintiff or her counsel, the Court declines at this time to enter the requested order pursuant to Fed. R. Civ. P. 37(b)(2)(C) for payment of attorney's fees. If plaintiff or her counsel continue not to comply with discovery or the Court's orders, the Court will likely dismiss this action with prejudice. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013); *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298 (2d Cir. 2009) (*per curiam*). It is so ordered.

Doc. #37.

Two days later, on November 30, 2019, Attorney Spears filed a letter under the curious

docket caption of "Motion for Issuance of Letters Rogatory." Doc. #39. In this letter Attorney

Spears stated that he wished to "apologize for my untimely response to the Rule 26(A)(1)

disclosure." *Ibid.* According to Attorney Spears, "I retired from the practice of law in 2004, I only recently resumed my practice which is limited generally to a state court practice, [and] the subject case is my only federal case." *Ibid.*

These statements by Attorney Spears about his federal court experience are largely untrue. Contrary to his claim that he retired from the practice of law in 2004, federal docket records show that Attorney Spears filed federal civil rights actions in 2005 and 2006 and that he litigated one of these actions until early 2009.[4] Contrary to his claim that this case was his only current federal case, Attorney Spears had recently filed an appearance for plaintiff in another federal civil rights case involving another Connecticut police department.[5]

Attorney Spears also claimed that "[a]pparently your Honor has a set of rules for the subject court, which I have never seen." *Ibid.* This claim is also untrue, as the Court went on to explain in its order denying the motion:

> ORDER DENYING MOTION FOR ISSUANCE OF LETTERS ROGATORY. Plaintiff has filed a letter captioned under CMECF as a "Motion for Issuance of Letters Rogatory." A letter rogatory is a request from a court in one country to a court in another country for judicial assistance. See 22 C.F.R. 92.54. This case does not have anything to do with foreign courts, and the Court is puzzled by plaintiff's choice to file a "Motion for Issuance of Letters Rogatory." The letter states that "[a]pparently your Honor has a set of rules for the subject court, which I have never seen." This Court operates in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, all of which are available to any attorney practicing before this Court. The Court does not have any other "set of rules" that it follows. Counsel received 20 days advance notice on the docket of the discovery conference and of his

---

[4] *See, e.g., Crumpton v. Hartford*, 05cv837-JBA (D. Conn.) (excessive force claim against police); *Williams v. Hartford*, 05cv838-AHN (D. Conn.) (false arrest claim against police and dismissed for failure of Attorney Spears to comply with the Court's scheduling order); *Williams v. Hartford*, 06cv629-SRU (D. Conn.) (false arrest claim filed in 2006 and that settled on eve of trial in January 2009); *Poteat v. Tillman*, 06cv1337-JBA (D. Conn.) (false arrest claim against prison guard). *See also, e.g., Murray v. Detroit Metro-Willow Run Wayne County Airport Authority*, 06cv1886-WWE (D. Conn.) (personal injury claim litigated until dismissed in May 2007).

[5] *See Bryant v. Hartford*, 17cv1374-VLB (D. Conn.) (notice of appearance entered by Attorney Spears on April 5, 2019); *see also Taylor v. Allen*, 17cv951-SRU (D. Conn.) (notice of appearance entered by Attorney Spears on March 21 and March 27, 2019, and then motion of withdrawal, which was granted on April 5, 2019).

> obligation to file letter briefing. Counsel did not respond to or furnish requested discovery and failed to file letter briefing as clearly set forth by the Court's order. Doc. # 32. Counsel should be prepared to comply with discovery requests absent timely objection and to otherwise familiarize himself with and comply with the Court's rules and orders.

Doc. #40.

On January 10, 2019, the remaining individual defendant police officers (Castagna, Palladino, Vanek, and Wise) moved for judgment on the pleadings. Doc. #44. Hackman filed irregular and cursory oppositions to this motion.[6] Hackman also moved to file an amended complaint. Doc. #48.

## DISCUSSION

The Court will first address defendants' motion for judgment on the pleadings before addressing Hackman's motion to file an amended complaint.

### *Motion for judgment on pleadings*

The background principles that govern a Rule 12(c) motion for judgment on the pleadings are well established. The Court must accept as true all factual matters alleged in a complaint and draw all reasonable inferences in favor of the non-moving party, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g., Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018).

Beyond arguing that the complaint fails to allege specific facts to show the involvement of any particular defendant police officer, defendants further argue that Hackman is now

---

[6] Attorney Spears first filed a 2-page opposition to this motion on January 28, 2019. Doc. #47. The opposition states without elaboration that plaintiff "has been able to identify what each individual officer did during the course of the incident" and then lays out 17 cut-and-paste bullet-point paragraphs stating the exact same sentence: "Plaintiff has revised her complaint to identify the action of what each individual officer did during the incident." *Ibid.* Hackman later filed on February 9, 2019, another objection that sets forth a single page of argument insisting that the complaint was properly pleaded and then appended a 9-page excerpt portion of the original complaint. Doc. #50.

foreclosed by the Court's prior sanctions order, Doc. #37, from introducing evidence to show that any of the individual defendants were personally involved and responsible for the alleged unconstitutional actions against her. I agree. My prior sanctions order states that Hackman "is precluded from introducing into evidence any facts concerning any personal involvement by Officer Castagna, Officer Palladino, Sergeant Vanek, and Officer Wise." Doc. #37. This precludes Hackman from proceeding with her Section 1983 claims against these individual defendants. *See Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) (Section 1983 liability requires evidence of individual defendant's personal involvement in constitutional violation).

My discovery sanction order was severe but warranted by the record of willful noncompliance with the Court's order that Hackman comply with all pending discovery requests by October 12, 2018. The record reveals Hackman's dilatory conduct from the start of this litigation. She did not timely furnish the initial disclosures required by Rule 26(a)(1). She did not serve discovery or comply with discovery requests received in January 2018. Even though there was intervening delay due to the death of Hackman's initial counsel, when new counsel— Attorney Spears—entered his appearance, the defendants alerted him to the state of discovery non-compliance in the Court's presence. The discovery non-compliance was explicitly raised and discussed at the status conference of September 21, 2018, and the Court ordered Attorney Spears to comply with the pending discovery requests by October 12, 2018.

He did not do so. And he did not meaningfully engage with defendants' counsel even after the October 12 deadline came and went, and after defendants' counsel took further steps to try to obtain compliance without having to seek relief from the Court. After Attorney Spears invited defendants' counsel to file a motion with the Court, I entered an order on November 8, 2018, for the parties to file letter briefs with respect to Hackman's alleged non-compliance. The

defendants complied with this order by comprehensively detailing the non-compliance. Attorney Spears chose not to file any briefing at all.

These events led me to conclude that an entry of a discovery sanctions order was appropriate in light of the pattern of willful non-compliance with discovery requests and with the Court's orders. Although Attorney Spears subsequently filed a letter purporting to apologize for his failure, this letter itself contained disturbing misrepresentations minimizing Attorney Spears' litigation experience and incorrect assertions that the Court was operating under a set of rules that Attorney Spears had not seen.

There has been no satisfactory or good faith explanation why Hackman failed to comply with her discovery obligations in this case. Accordingly, I conclude that it was appropriate to grant defendants' request to enter a sanction precluding Hackman from introducing facts to show the personal involvement of defendants Castagna, Palladino, Vanek, and Wise. *See* Fed. R. Civ. P. 37(b)(2) (stating in relevant part that if a party "fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders" including "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"); Fed. R. Civ. P. 37(c)(1) (stating in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294-96 (2d Cir. 2006) (discussing a district court's "wide discretion" under Rule 37(c)(1) to preclude evidence as sanction for discovery non-compliance); *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365-66 (2d Cir. 1991) (discussing district court discretion to preclude evidence under Rule 37(b)(2) and

noting that "[a]lthough an order granting a claim and precluding a party from presenting evidence in opposition to it is strong medicine, such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators").

The allegations of excessive force in this case are serious. But so is a lawsuit that requires police officers to defend against claims of misconduct. If a plaintiff believes that the police have violated her rights and that she is entitled to money damages as relief, it is not too much to ask that the plaintiff (and her counsel) promptly comply with discovery requests rather than obstructively delaying and stringing the case along.

As the Second Circuit has explained, "[t]he discovery provisions of the Federal Rules of Civil Procedure are designed to achieve disclosure of all the evidence relevant to the merits of a controversy," and "[i]t is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention," such that "[w]hen a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Daval Steel*, 951 F.2d at 1365. Accordingly, I will grant the motion for judgment on the pleadings in favor of the remaining individual defendant police officers in this case.

### Motion to file amended complaint

Hackman has moved to file an amended complaint. Doc. #48. A court should freely grant leave to amend a complaint when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Here, however, to the extent that plaintiff wishes to amend her complaint against any of the individual defendant police officers, I will deny the motion on the ground that such amendment would be futile in light of my ruling above. Similarly, to the extent that plaintiff seeks leave to amend the

complaint to state any claims against the East Hartford Police Department, I will also deny the motion on the ground that the police department is not a juridical "person" subject to suit under Section 1983. *See, e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504, 510 (D. Conn. 2008).

On the other hand, I will allow Hackman to file an amended complaint as to the Town of East Hartford to the extent that Hackman is able to allege sufficient facts to allow for the municipality's liability under Section 1983. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018). Although the Court's prior discovery sanctions order provides in part that Hackman "is precluded from introducing into evidence any facts in response to the contention interrogatories proposed by the Town of East Hartford," Doc. #37, it is unclear on the limited record before me now whether this sanction would foreclose Hackman from proceeding with a *Monell* claim against the Town of East Hartford. *See Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (noting that *Monell* liability against a municipality does not require a plaintiff to obtain a judgment against any particular individual officer). In the event that intervening discovery has disclosed facts pertinent to establishing liability against the Town of East Hartford, I will allow Hackman to file an amended complaint against the Town of East Hartford and without prejudice to the Town's filing of any dispositive motions as contemplated by the Court's scheduling order and prior grant of a motion for leave to do so. Doc. #53.

CONCLUSION

The Court GRANTS the motion of the individual defendants Thomas Castagna, Nicholas Palladino, Peter Vanek, and Rebecca Wise for judgment on the pleadings (Doc. #44). The Clerk of Court shall dismiss these parties as defendants in this case. The Court GRANTS in part and

DENIES in part plaintiff Shakema Hackman's motion to file an amended complaint (Doc. #48). The motion to amend is denied as to the individual defendants and the East Hartford Police Department but granted as to the Town of East Hartford. Hackman may file an amended complaint against the Town of East Hartford by September 18, 2019. In accordance with the Court's prior order granting an extension of time for the filing of dispositive motions (Doc. #53), the parties may file any additional dispositive motions by September 27, 2019.

It is so ordered.

Dated at New Haven this 28th day of August 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge